SO ORDERED: November 15, 2005.

_____
**James K. Coachys
United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| PAUL W. CONSTANTINE, JR. and ) | Case No. 05-07711-JKC-13 |
| DANA L. CONSTANTINE, ) | |
| ) | |
| Debtors. ) | |

**ORDER DENYING APPLICATION FOR ADEQUATE PROTECTION AND
REQUEST FOR HEARING ON NOTICE OF CONVERSION FROM
FROM CHAPTER 13 PETITION TO CHAPTER 7**

This matter came before the Court on Ford Motor Credit Company's ("FMCC") Application for Adequate Protection (the "Application") and Request for Hearing on Notice of Conversion from Chapter 13 Petition to Chapter 7 (the "Request"). For the reasons stated below, the Court denies both the Application and the Request.

1.      The Debtors commenced a case under Chapter 13 of the United States Bankruptcy Code on April 26, 2005.

2.      The Debtors are indebted to FMCC under an installment sales contract for a 2002 Ford Taurus. FMCC holds a perfected security interest in the vehicle.

3. On September 29, 2005, the Debtors filed their Second Amended Chapter 13 Plan, under which they agreed to pay FMCC a secured claim of $10,000, plus 6.5% interest, through the Chapter 13 trustee. The plan, however, has not been confirmed in light of a pending objection.

4. According to FMCC, the Debtors are in default to the Chapter 13 trustee in making pre-confirmation plan payments.

5. On November 8, 2005, the Debtors filed a Notice of Conversion from Chapter 13 Petition to Chapter 7, to which FMCC responded by way of the Request and Application.

6. According to FMCC, the Debtors' last payment on the car loan was received on September 10, 2004. FMCC asserts that the value of the vehicle is depreciating and that its interest in the Debtors' vehicle is, therefore, not adequately protected.

7. In its Application, FMCC asks the Court to order adequate protection payments. In the Request, FMCC asks the Court to delay conversion until such adequate protection is ordered. While FMCC does not specify for which period it seeks adequate protection, it does state that the Chapter 13 trustee is holding $1,725.35 and asks that adequate protection payments be made from these funds. The Court assumes from this that FMCC is seeking retroactive adequate protection payments.

8. Section 363(e) of the Code clearly states that "on the request of any entity that has an interest in property used, sold, or leased . . . by the [debtor], the court, with or without a hearing, shall prohibit or condition such use, sale, or lease as is necessary to provide adequate protection of such interest." The Court agrees that FMCC's interest in the vehicle is not and has not been adequately protected during the pendency of the Debtors' Chapter 13 case. *See In re Marcum*, Case No. 02-15596-JKC-13 (July 3, 2003) (J.Coachys) at 5. If the case were continuing under Chapter

13, FMCC would be entitled to adequate protection payments until plan confirmation.

9. The Court, however, has already stated that adequate protection will not be ordered retroactively. *Marcum*, at 6. In *Marcum*, the movant first filed a motion for relief from stay, arguing that its interest in the debtors' property was not adequately protected. At the hearing on the motion, the movant orally requested that the debtors be required to make monthly adequate protection payments based either on the parties' contract or on the average monthly depreciation of the vehicle. While the Court concluded that the movant was entitled to periodic adequate protection payments, it ordered that such amounts be paid only from the date of the movant's oral request. *Id.*

10. Thus, while the Court agrees that FMCC's interest in the Debtors' vehicle is not adequately protected, it will not order adequate protection payments to be made retroactively from the funds currently on deposit with the Chapter 13 trustee. Because the Debtors have converted their case to one under Chapter 7 of the Code, the Court assumes that FMCC will move for relief from the automatic stay based on a lack of adequate protection. Assuming that such relief is granted, FMCC's request for adequate protection will become moot. It is in FMCC's best interest, therefore, to move for stay relief expeditiously.

11. For these reasons, the Court denies both the Application and Request.

###

Distribution:

Christopher H. Belch
Robert A. Brothers
UST
Harley K. Means